WISCONSIN CARRY, INC. and Thomas Waltz,
Petitioners-Appellants,†

v.

CITY OF MADISON, Respondent-Respondent.

Court of Appeals

*No. 2015AP146. Submitted on briefs June 12, 2015.
—Decided August 6, 2015.*

2015 WI App 74

(Also reported in 870 N.W.2d 675.)

† Petition for Review filed.

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *John R. Monroe*, Roswell, Georgia.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Michael P. May*, city attorney of Madison.

Before Kloppenburg, P.J., Lundsten and Blanchard, JJ.

¶ 1. LUNDSTEN, J. This case involves the validity of a rule adopted by the City of Madison's Transit and Parking Commission that prohibits a person from traveling in a city bus with a weapon (the "bus rule"). Wisconsin Carry, Inc., an organization that describes itself as a "gun rights organization," and one of its members, Thomas Waltz (collectively "Wisconsin Carry"), brought suit asking the circuit court to declare that the bus rule is preempted by WIS. STAT. § 66.0409.[1] The circuit court declined to issue the requested declaration, concluding that § 66.0409 limits preemption to municipal "ordinances" and "resolutions" enacted or adopted by a "city, village, town or county," and that the bus rule here does not fit within these legislatively specified words. We agree, and affirm.

---

[1] All references to the Wisconsin Statutes are to the 2013–14 version.

74

*Background*

¶ 2. The circuit court granted the City's motion to dismiss Wisconsin Carry's petition for declaratory relief. Accordingly, we accept the petition allegations as true. *See John Doe 1 v. Archdiocese of Milwaukee*, 2007 WI 95, ¶ 12, 303 Wis. 2d 34, 734 N.W.2d 827. The petition asserts that the City operates a municipal bus system administered by the City's Transit and Parking Commission. The commission established the bus rule at issue here pursuant to a city ordinance that authorizes the commission to establish "rules and procedures" relating to transit. *See* MADISON, WIS., GENERAL ORDINANCES § 3.14(4)(h). According to the petition allegations, the bus rule prohibits a person from traveling in a city bus while "armed" with a gun, although, as we understand it, the rule applies to weapons of any kind.

¶ 3. Wisconsin Carry claimed that WIS. STAT. § 66.0409 preempted the bus rule.[2] That statute provides:

> [With exceptions not relevant here], no political subdivision may enact an ordinance or adopt a resolution that regulates the sale, purchase, purchase delay,

---

[2] A couple of housekeeping matters.

First, in its petition, Wisconsin Carry alleged that the commission established a "rule, policy, or practice." We use the term "rule" to avoid cumbersome phrasing and because the term "rule" tracks the language in the ordinance pursuant to which the commission acted. Wisconsin Carry suggests no reason why it matters for purposes here whether the commission established a "rule," a "policy," or a "practice."

Second, in the circuit court, Wisconsin Carry also challenged what it alleged was a commission prohibition on weapons in bus shelters. So far as we can tell, on appeal Wisconsin Carry has abandoned any claim specific to bus shelters. Therefore, we provide no separate discussion on that topic.

transfer, ownership, use, keeping, possession, bearing, transportation, licensing, permitting, registration or taxation of any firearm or part of a firearm, including ammunition and reloader components, unless the ordinance or resolution is the same as or similar to, and no more stringent than, a state statute.

WIS. STAT. § 66.0409(2). The statute defines "political subdivision" as a "city, village, town or county." WIS. STAT. § 66.0409(1)(b).

¶ 4. In moving to dismiss Wisconsin Carry's petition, the City argued that WIS. STAT. § 66.0409(2) does not preempt the bus rule because the commission is not a "political subdivision" and the rule is not an "ordinance" or "resolution," as those terms are used in the statute. The circuit court agreed, and dismissed the petition.

*Discussion*

¶ 5. As a preliminary matter, we emphasize that our analysis is limited to whether a single statute, WIS. STAT. § 66.0409, preempts the bus rule. Wisconsin Carry does not advance the argument that, viewed collectively, multiple state statutes relating to firearms regulation preempt the particular local action at issue here. We also note that our discussion is limited to whether § 66.0409 preempts the *bus rule* and not whether that statute preempts the city ordinance under which the commission acted. We do not weigh in on whether such arguments have merit, but rather we include this clarification because some isolated and undeveloped assertions in Wisconsin Carry's briefing might be read as hinting at these different preemption arguments. If Wisconsin Carry meant to make those different arguments, it has failed to adequately develop them. *See State v. Pettit*, 171

76

Wis. 2d 627, 646–47, 492 N.W.2d 633 (Ct. App. 1992) (we need not address undeveloped arguments).[3]

██

¶ 6. The preemption argument that we do address requires us to interpret WIS. STAT. § 66.0409 and decide whether that statute preempts a municipal agency rule. These are questions of law for de novo review. *See Apartment Ass'n of S. Cent. Wis., Inc. v. City of Madison*, 2006 WI App 192, ¶ 12, 296 Wis. 2d 173, 722 N.W.2d 614.

¶ 7. "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.' " *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (quoted source omitted). We give statutory language its "common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.* In addition, we interpret statutory language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-

---

[3] The general city ordinance that authorized adoption of the bus rule provides:

> The Transit and Parking Commission shall be empowered to establish such rules and procedures as may be necessary to carry out the purpose and provisions of this ordinance [relating to the Department of Transportation].

MADISON, WIS., GENERAL ORDINANCES § 3.14(4)(h). Despite undeveloped assertions by Wisconsin Carry suggesting otherwise, it is far from obvious how preemption analysis under WIS. STAT. § 66.0409 would apply to such a general ordinance.

related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶ 46.

¶ 8. Applying the language of Wɪs. Sᴛᴀᴛ. § 66.0409 as written, we agree with the circuit court and the City that the statute plainly preempts only "ordinances" and "resolutions." And, we agree, it is clear that the bus rule is not an "ordinance" or "resolution" under case law providing generally accepted meanings for those terms:

> " . . . 'A municipal ordinance or by-law is a regula-
> tion of a general, permanent nature, enacted by the
> governing council of a municipal corporation . . . . A
> resolution, or order as it is sometimes called, is an
> informal enactment of a temporary nature, providing
> for the disposition of a particular piece of the admin-
> istrative business of a municipal corporation . . . .' "

*Cross v. Soderbeck*, 94 Wis. 2d 331, 342, 288 N.W.2d 779 (1980) (quoted source omitted). We presume that the legislature was aware of these generally accepted definitions in enacting § 66.0409. *See Tydrich v. Bomkamp*, 207 Wis. 2d 632, 638–39, 558 N.W.2d 692 (Ct. App. 1996) (court presumed that legislature was aware of existing case law on damages definition and concluded that legislature accepted that definition by not specifying a different definition).

¶ 9. Notably, while Wisconsin Carry generally asserts that Wɪs. Sᴛᴀᴛ. § 66.0409 preempts the bus rule, Wisconsin Carry does not argue that a rule adopted by a city agency, such as the commission here, fits within the plain meaning of either "ordinance" or "resolution" as those terms are used in the statute. To the contrary, Wisconsin Carry concedes at the outset of its briefing that the bus rule is not, in the words of Wisconsin

Carry, "an enacted ordinance or an adopted resolution." This is a significant concession. As noted, "statutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" *Kalal*, 271 Wis. 2d 633, ¶ 45.[4]

¶ 10. Instead, Wisconsin Carry effectively argues that the legislature did not mean what it said. Wisconsin Carry asks us to skip over an analysis of the words that the legislature chose and instead surmise that the legislature, in enacting Wis. Stat. § 66.0409, intended to achieve a more general preemption of locally generated firearms regulation. However, judicial restraint dictates that courts "assume that the legislature's intent is expressed in the statutory language" chosen by the legislature. *See Kalal*, 271 Wis. 2d 633, ¶ 44. "It is the enacted *law,* not the unenacted *intent,* that is binding . . . ." *Id.* (emphasis added).

¶ 11. Moreover, as the circuit court explained, it would have been a simple matter for our legislature to use language that clearly prohibits local agency regulation of firearms by including additional language or more expansive language in the pertinent statute. Other states have done so. Kansas, for example, prohibits action not only by a "city or county," but also by any "agent of any city or county."[5] Our legislature

---

[4] Wisconsin Carry criticizes the circuit court for relying on the lack of "statutory formality" in adopting the bus rule and on the absence of certain enforcement mechanisms as support for the court's conclusion that the rule is not an "ordinance" or "resolution" under the statute. We do not rely on such reasoning. For that matter, we fail to see why the level of formality that led to the bus rule, or how it is enforced, matters.

[5] The Kansas statute provides:

79

remains free to adopt such language. But Wisconsin Carry cannot seriously argue that our legislature used the sort of broad language found in other jurisdictions.

¶ 12. Wisconsin Carry relies on a Georgia case involving a Georgia statute with language that is similar, but not identical, to language in the Wisconsin statute. *See Sturm, Ruger & Co. v. City of Atlanta*, 560 S.E.2d 525, 527, 529–30 (Ga. Ct. App. 2002).[6] Wisconsin Carry points to the Georgia court's statement that

> No city or county shall adopt or enforce any ordinance, resolution or regulation, and no agent of any city or county shall take any administrative action, governing the purchase, transfer, ownership, storage, carrying or transporting of firearms or ammunition, or any component or combination thereof.

KAN. STAT. ANN. § 12–16,124(a) (West 2015). Similarly, a Virginia statute provides:

> No locality shall adopt or enforce any ordinance, resolution or motion, as permitted by § 15.2–1425, and no agent of such locality shall take any administrative action, governing the purchase, possession, transfer, ownership, carrying, storage or transporting of firearms, ammunition, or components or combination thereof other than those expressly authorized by statute.

VA. CODE ANN. § 15.2–915(A) (West 2015).

[6] As quoted in the case, the pertinent Georgia statute reads:

> (a) It is declared by the General Assembly that the regulation of firearms is properly an issue of general, state-wide concern.
>
> (b) No county or municipal corporation, by zoning or by ordinance, resolution, or other enactment, shall regulate in any manner gun shows, the possession, ownership, transport, carrying, transfer, sale, purchase, licensing, or registration of firearms, components of firearms, firearms dealers, or dealers in firearms components.

*Sturm, Ruger & Co. v. City of Atlanta*, 560 S.E.2d 525, 527 (Ga. Ct. App. 2002).

"The City [of Atlanta] may not do indirectly that which it cannot do directly." *Id.* at 530. However, the Georgia court made this statement in the context of addressing whether *the City itself* could bring a lawsuit against gun manufacturers. *See id.* at 527, 529. There was no issue in *Sturm* regarding preemption of local agency power to regulate firearms. There are additional reasons why *Sturm* does not help Wisconsin Carry here, but the reason we have pointed out is sufficient.

¶ 13. In sum, looking at the plain language of WIS. STAT. § 66.0409, we conclude that our legislature chose limited language that does not cover the bus rule.

¶ 14. In Wisconsin Carry's reply brief, Wisconsin Carry argues that a plain meaning reading of the statute must be wrong because it is absurd to conclude that the legislature would have allowed municipal agencies to regulate firearms in ways that a municipality itself cannot. We disagree. We instead agree with the City that the legislature could have reasonably distinguished between a municipality's broad legislative powers and a municipal agency's more limited powers. As the City notes, no municipal agency has the power to regulate firearms as broadly as a municipality. That is, agency actions are limited in scope to areas of agency responsibility. Thus, it may be that the legislature did not impose a more sweeping prohibition precisely because the legislature intended to leave the door open to more limited regulation of firearms, such as the bus rule here.

¶ 15. Wisconsin Carry contends that, in theory, municipal agencies could, in the aggregate, broadly regulate firearms if each agency established a similar firearms regulation in its respective jurisdictional area: restaurants, parks, streets, etc. This hypotheti-

cal does not persuade us that our interpretation is absurd. It is not absurd or unreasonable to suppose that our legislature drew a distinction between a municipality's broad legislative powers and a municipal agency's more limited powers. The legislature could have reasonably determined that the likelihood of such aggregate, comprehensive agency regulation was low, and that some amount of targeted agency regulation for limited purposes, like the bus rule here, should not or need not be preempted.

## Conclusion

¶ 16. For the reasons stated above, we affirm the circuit court's order dismissing Wisconsin Carry's challenge to the City commission's rule that prohibits a person from traveling in a city bus with a weapon.

*By the Court.*—Order affirmed.